GEORGE W. COVELL AND FRANK RANSOM, APPELLEES, v. JAMES G. YOUNG, APPELLANT.

1. **Taxes:** CONSTITUTIONAL LAW. Where a road tax levied in in 1876 without regard to valuation, at the rate of four dollars per quarter section was added to taxes for which lands were sold, *held*, That said tax, being illegal, avoided the tax deed.

2. ———: ILLEGAL SALE: OWNER NOT LIABLE FOR EXPENSES. Where a sale of land for taxes is illegal, the owner of the land is not liable for the expenses incurred by the tax purchaser in serving notice on occupants or owners of the land of his intention to obtain a deed, nor for the expenses of procuring the deed.

APPEAL from Otoe county. Tried below before POUND, J.

*John C. Watson,* for appellant.

*Covell & Ransom,* for appellees.

MAXWELL, CH. J.

This is an action to set aside a tax deed upon the ground that the taxes for which the land was sold were illegal and void. The defenses relied on are:

*First.* That the tax deed is valid on its face.

*Second.* That the objections to the deed are not those specified in section 130 of the revenue law of

1879, and that the irregularities complained of are cured by section 140 of said act.

*Third.* That the plaintiffs have failed to show title to the lands in controversy.

A decree was rendered in the court below in favor of the plaintiffs. The defendant appeals to this court.

No question is made as to the form of the deed. The question involved in the second grounds of objection were before this court in the case of *McCann v. Merriam, ante* p. 241, S. C. 9, N. W. Rep., 96, and it was held that where a sale of land for the taxes of 1876 was made in March, 1878, the tax deed being made in March, 1880, that the validity of the sale and force of the tax deed were to be tested by the law in force when the sale was made, and that including a void tax in the amount for which the land was sold was sufficient to avoid the deed. And we adhere to that decision.

The land in controversy was sold on the 7th day of November, 1877, for the taxes due thereon for the year 1876, and the validity of the deed must be determined by the law in force in 1877.

In the case at bar a land road tax was levied without regard to valuation, at the rate of four dollars per quarter section upon the land in controversy. Such tax is unauthorized and void under our present constitution, which provides for levying a tax by valuation. Sec. 1, Art. IX, Const. *Dundy v. Richardson Co.*, 8 Neb., 508. *McCann v. Merriam, ante* p. 241. The *sale* of the land for taxes, as it included an illegal tax was void, and the tax deed being based thereon is invalid and must be set aside.

The objection that the plaintiffs are not the owners of the land in controversy is untenable. It appears from the record that on the 23d day of July, 1860, Wm. E. Pardee, master in chancery of the district court

of Otoe county, as such master executed a deed for the premises in question to Wm. H. Broadhead, who had purchased the premises at the sale under a decree of foreclosure in an action in said court, wherein Broadhead was plaintiff and Harman S. Hall and Lydia A. Hall were defendants. That on the 8th day of September, 1860, Broadhead conveyed to Helen S. Pardee, the wife of W. E. Pardee, the master, who made the conveyance to Broadhead. It is claimed that this deed is void because made in contravention of law. An officer selling property under execution or order of sale, is absolutely prohibited from purchasing any of the property offered at such sale. And a purchase so made by him would be void. But here the purchase was made by the mortgagee, and so far as appears was made in good faith, and he being the owner of the fee could convey to whom he pleased. The plaintiffs show a complete chain of title from Mrs. Pardee to themselves, and are clearly entitled to redeem.

It is objected that the costs of the notice to the occupant and land owner of the intention of the defendant to apply for a deed and the costs of the deed were taxed to the defendant; in this there was no error. If the *sale* was illegal, the owner of the land is not liable for the expenses of such unauthorized sale. A tax purchaser in taking a tax deed acts at his peril, and if he obtains no title by his deed he must pay the costs incurred in obtaining the same. There is no error in the record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.